FILED
 2022 Aug-31  PM 02:19
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **DEBRA HOWSE,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**KILOLO KIJAKAZI,** *Acting* )<br>*Commissioner of Social Security*, )<br>)<br>**Defendant.** ) | Case No. 5:21-cv-1080-LCB |

## OPINION & ORDER

Debra Howse appeals a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). (Doc. 1 at 1). In short, she claims that the Commissioner wrongly denied her applications for Social Security benefits. *Id.* at 1–2. As explained below, the Court finds no error in the Commissioner's decision. The Court therefore affirms the decision and dismisses this case with prejudice.

**I.  STATUTORY FRAMEWORK & STANDARD OF REVIEW**

The Social Security Act establishes who is eligible to receive Social Security benefits. *Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). Under the Act, an administrative law judge (ALJ) evaluates an application for benefits by conducting a five-step analysis:

(1) Is the claimant engaged in substantial gainful activity?
(2) Does the claimant have a severe impairment?

> (3) Does the claimant have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1?
> (4) Is the claimant able to perform former relevant work?
> (5) Is the claimant able to perform any other work within the national economy?

20 C.F.R. § 404.1520(a)(4).[1] An ALJ reaches step 4 only if a claimant is not engaged in substantial gainful activity (step 1), has a severe impairment (step 2), and does not have an impairment or combination of impairments that meets or medically equals a listed impairment (step 3). *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

To evaluate whether a claimant is able to perform former relevant work (step 4) and, if not, able to perform any other work within the national economy (step 5), an ALJ must first determine the claimant's residual function capacity (RFC). *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). A claimant's RFC is defined as that which the claimant can do despite her limitations. 20 C.F.R. § 404.1545(a)(1). A claimant is disabled if she can perform neither former relevant work nor any other work within the national economy. *McDaniel*, 800 F.2d at 1030.

By contrast, a claimant is not disabled if she can perform former relevant work or any other work within the national economy. *Id.* Should an ALJ determine that a claimant is not disabled, the claimant may request review of the ALJ's decision

---

[1] A claimant bears the burden of proof through step four; the Commissioner bears the burden of proof at step five. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996).

before the Social Security Appeals Council. 20 C.F.R. §§ 404.1775(a), 416.1467. If the Council denies review, the ALJ's decision becomes a final administrative decision of the Commissioner. *Samuels v. Acting Comm'r of Soc. Sec.*, 959 F.3d 1042, 1045 (11th Cir. 2020). A claimant may then seek judicial review of the Commissioner's decision in federal court. 42 U.S.C. § 405(g).

A federal court, however, is limited in its review of the Commissioner's final decisions. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). A reviewing court will not disturb the Commissioner's factual findings if they are supported by substantial evidence. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). Substantial evidence is more than a scintilla, but less than a preponderance; it is that which a reasonable person would accept as adequate to support a conclusion. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam).

## II.   BACKGROUND

Debra Howse has a history of physical and mental health issues. (Tr. at 77–80).[2] In August 2019, she applied for a period of disability, disability insurance benefits, and supplemental security income. *Id.* at 233–36. The Commissioner denied Howse's applications at the administrative level, and Howse requested

---

[2] "Tr." is a consecutively paginated transcript of the administrative proceedings below and spans from ECF Doc. 6-1 to ECF Doc. 6-10. For clarity and consistency with the parties' briefs, the Court cites to the consecutive pagination of the transcript instead of the ECF pagination.

review before an ALJ. *Id.* at 102, 166. Before the ALJ, Howse testified that she is unable to work due to swelling in her feet, difficulty using her hands, neck pain, back pain, exhaustion, and social anxiety. *Id.* at 29.[3] She added that she can "stand for 30 minutes," sit "for about four hours in a reclined position," and "lift up to a gallon of milk," but that "she cannot open drinks." *Id.*

Howse also submitted hundreds of pages of medical records, including a "Work Requirements" form and an undated letter signed by her treating physician, Dr. Neil Yeager. *Id.* 394–775. In the form, Dr. Yeager stated that Howse was not "mentally and/or physically able to work" or "financially support" herself due to Lupus, fatigue, pain, and depression. *Id.* at 601. Dr. Yeager also noted that Howse had suffered from these conditions for "several years" and that they were "permanent." *Id.* In the letter, Dr. Yeager summarized Howse's medical conditions along with the severity of those conditions before opining that Howse had "become disabled from any gainful employment" and that it was "impossible for her to maintain any kind of routine work schedule." *Id.* at 775.

In May 2021, the ALJ affirmed the denial of Howse's applications for benefits. *Id.* at 21–38. At steps one and two respectively, the ALJ found that Howse had not engaged in substantial gainful activity since her disability allegedly began

---

[3] In her brief, Howse adopts the ALJ's recitation of her testimony as true and correct. (Doc. 9 at 4). The Court does the same for purposes of this opinion.

4

and that Howse suffered from several severe impairments. *Id.* at 24. The ALJ then proceeded to step 3 and found that Howse did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 24–28.

Before proceeding to step four, the ALJ determined that Howse had an RFC to perform "light work"[4] with several physical and mental limitations. *Id.* at 28. In doing so, the ALJ discredited Howse's testimony regarding the disabling effects of her symptoms. *Id.* at 36. The ALJ reasoned that Howse's testimony was not entirely consistent with the record evidence as a whole, including numerous physical examinations showing that Howse had normal strength, sensation, and range of motion in her extremities. *Id.* at 29–31. Similarly, the ALJ determined that Dr. Yeager's letter was unpersuasive because it was inconsistent with his own records as well as Howse's normal physical examinations. *Id.* at 29–30, 36. The ALJ did not consider Dr. Yeager's "Work Requirements" form.

After determining Howse's RFC, the ALJ moved to step 4. *Id.* at 36. There, the ALJ determined that Howse was unable to perform any former relevant work.

---

[4] The Social Security Act defines "light work" as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). A job falls "in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

*Id.*[5] At the fifth and final step, the ALJ considered whether Howse could perform any other work within the national economy. *Id.* at 37. Answering that question in the affirmative, the ALJ concluded that Howse was able to work as a "Sorter," "Marker," or "Routing Clerk." *Id.* Accordingly, the ALJ concluded that Howse was not disabled for purposes of the Social Security Act. *Id.* at 38. The Social Security Appeals Council denied further review. *Id.* at 1–3, 7. This suit followed.

## III. DISCUSSION

Howse appeals the Commissioner's decision. (Doc. 1 at 2). To that end, she makes three overarching arguments: (1) the ALJ erred by failing to consider Dr. Yeager's "Work Requirements" form; (2) the ALJ erroneously discounted Dr. Yeager's undated letter; and (3) the ALJ improperly discredited her testimony regarding the disabling effects of her symptoms. (Doc. 9 at 6–17). The Court considers each argument in turn.

    **A.**    **Whether the ALJ erred by failing to consider Dr. Yeager's "Work Requirements" form.**

Howse contends that the ALJ erred by failing to consider Dr. Yeager's "Work Requirements" form. (Doc. 9 at 8). Under the Social Security Act, an ALJ must not consider evidence on issues reserved to the Commissioner. 20 C.F.R. § 404.1520b(c)(3). Such evidence includes: (1) statements that a claimant is disabled

---

[5] Specifically, the ALJ found that Howse was unable to return to her former occupation as a "Deli Clerk." (Tr. at 36).

6

or unable to work due to her impairments; and (2) statements that an impairment has lasted or is expected to last for a continuous period of at least 12 months. *Id.* §§ 404.1520b(c)(3), 404.1509.

Dr. Yeager's Work Requirements form constitutes evidence on issues reserved to the Commissioner. In the form, Dr. Yeager stated that Howse was not "mentally and/or physically able to work" or "financially support" herself due to Lupus, fatigue, pain, and depression. (Tr. at 601). Dr. Yeager also noted that Howse had suffered from these conditions for "several years" and that they were "permanent." *Id.* These issues are reserved to the Commissioner—not Dr. Yeager. Thus, the ALJ did not err by failing to consider the form.

### B.   Whether the ALJ erroneously discounted Dr. Yeager's letter.

Howse next argues that the ALJ erroneously discounted the evidentiary weight of Dr. Yeager's undated letter. (Doc. 9 at 6–7, 9–11). She reasons that the ALJ should have given Dr. Yeager's medical opinions substantial or considerable weight under 20 C.F.R. § 404.1527. *Id.* at 6–7, 9. The problem for Howse, though, is that Section 404.1527 does not apply to her case.[6]

Section 404.1527 applies to claims filed before March 27, 2017. Under this regulation, a treating physician is an acceptable medical source who provides (or has

---

[6] In its response brief, the Commissioner pointed out Howse's fundamental misunderstanding of the applicable Social Security regulations. (Doc. 10 at 6). Howse did not reply.

7

provided) a claimant with medical treatment and has (or has had) an ongoing treatment relationship with the claimant. *Id.* § 404.1527(a)(2). An ALJ must assign "substantial or considerable weight" to a treating physician's opinions "unless there is 'good cause' to discount them." *Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1104 (11th Cir. 2021) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)).

By contrast, Section 404.1520c governs claims filed on or after March 27, 2017. Under this regulation, an ALJ must "not defer or give any specific evidentiary weight" to any medical opinion. *Id.* § 404.1520c(a). Rather, an ALJ evaluates the persuasiveness of opinion evidence based on five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) any other factor tending "to support or contradict" the opinion. *Id.* § 404.1520c(b), (c)(1)–(5). An ALJ need not explain the applicability of all five factors—only the first two. *Id.* § 404.1520c(b)(2).[7]

Howse filed her claims in August 2019,[8] meaning that Section 404.1520c—not Section 404.1527—applies to her case. As such, the ALJ did not need good cause to discount Dr. Yeager's medical opinions. The ALJ needed only to determine the persuasiveness of the letter based on its supportability and consistency with the

---

[7] Section 404.1520c also abrogates earlier Eleventh Circuit "precedents applying the treating-physician rule." *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 896 (11th Cir. 2022).
[8] (Tr. 233–36).

record as a whole. And that is exactly what the ALJ did. The ALJ found that the letter was inconsistent with Dr. Yeager's own records along with numerous physical examinations showing that Howse had normal strength, sensation, and range of motion in her extremities. (Tr. at 29–30, 36). Thus, the ALJ did not erroneously discount Dr. Yeager's letter.

    **C.    Whether the ALJ improperly discredited Howse's testimony.**

Howse's final argument is that the ALJ improperly discredited her testimony regarding the disabling effects of her impairments. (Doc. 9 at 11–17). A claimant may establish disability through her own subjective testimony by producing: "(1) evidence of an underlying medical condition and *either* (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition *or* (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam) (emphasis added).

If a claimant satisfies this test, the inquiry shifts to whether and to what extent the claimant's symptoms limit her capacity for work. 20 C.F.R. § 404.1529(a). This requires an ALJ to determine "the intensity, persistence, and functionally limiting effects" of a claimant's pain based on the record as a whole. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995) (per curiam). An ALJ "must articulate explicit and adequate reasons for" discrediting a claimant's subjective testimony. *Wilson v.*

*Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam); *accord Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 807 (11th Cir. 2013) (per curiam).

In this case, Howse testified that she is unable to work due to swelling in her feet, difficulty using her hands, neck pain, back pain, exhaustion, and social anxiety. (Tr. at 29). She added that she can "stand for 30 minutes," sit "for about four hours in a reclined position" and "lift up to a gallon of milk," but that "she cannot open drinks." *Id.* The ALJ discredited Howse's testimony on the grounds that it was not entirely consistent with the record as a whole, including Howse's normal physical examinations. *Id.* at 29–31, 36. Having reviewed the entire record, the Court finds that substantial evidence supports the ALJ's credibility determination.

Howse counters that "the ALJ failed to consider the totality of [her] medical records and overlooked or ignored evidence that is consistent with [her] allegations." (Doc. 9 at 13–14). An ALJ, however, need not refer to or discuss every piece of record evidence, so long as the decision is sufficient "to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole."[9] Here, the ALJ's decision includes a thorough summary of the record evidence. (Tr. at 28–36). The decision, far from a broad rejection, makes clear that the ALJ considered Howse's medical condition as a whole.

---

[9] *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (alterations in original) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)).

10

Howse also maintains that "[t]he record, when properly considered, is consistent with [her] allegations and is contrary to" the ALJ's RFC determination. (Doc. 9 at 14). When reviewing Social Security appeals, a federal court may not decide facts anew or reweigh record evidence. *E.g., Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1060 (11th Cir. 2021); *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Here, Howse's argument—at its core—asks the Court to reweigh the record evidence. This the Court cannot do. In sum, Howse fails to show that the ALJ improperly discredited her subjective testimony.

## IV.   CONCLUSION

Howse shows no error in the Commissioner's decision. Accordingly, the Court **AFFIRMS** the decision and **DISMISSES** this case with prejudice. The Court will enter a final judgment separately.

**DONE** and **ORDERED** August 31, 2022.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE